## George W. Enders v. The People.

*Criminal pleading: Statement of offense.* The averment in an information for obtaining money under false pretenses,—that certain representations as to the quantity and value of land which the accused was about to sell to the party, to whom the representations were made, were false, "by means of which said false pretenses" the money was obtained,—there being no averment of facts showing any connection between the representations and the alleged result, is essentially defective.

The statute—(*Comp. Laws,* § *6059*), which provides that after verdict, an indictment for certain offenses shall be held sufficient "if it describe the offense in the words of the statute," is not to be construed to excuse the neglect to aver any fact essential to the description of an offense; and such defect appearing, the judgment should be arrested on motion, or will be reversed on error.

*Heard April 6. Decided April 26.*

Error to Oakland Circuit.

Enders was charged on the information of the Prosecuting Attorney for the County of Oakland, that he, said Enders, "on the 10th day of February, 1866, at the town of Groveland, in the County of Oakland, unlawfully, knowingly and designedly did falsely and feloniously pretend to one Frederick Brandt, that certain land which-he, the said Enders, was about to sell to the said Brandt, contained in amount 120 acres, being one 80 acre lot and one 40 acre lot; that there was not upon said land more than five acres of lake or water; that none of the land of either of the said 80 or 40 acre lots had been sold off by the said Enders; and that said land was free from all incumbrances, except a mortgage of about one hundred and fifty dollars; by means of which said false pretenses, the said George W. Enders did then and there unlawfully, designedly and feloniously obtain of and from the said Frederick Brandt the sum of four hundred and fifty dollars in money, of the value of $450, and also a certain mortgage of the value of $450 with interest, then and there to cheat and defraud him, the said Brandt, of the same: Whereas in truth and in fact there was on said land more than five acres of lake or water, and was on said land 20 acres of lake or water; and the said Enders had sold off from said land four acres;

20 MICH.—D².

and said land was encumbered with more than $150; all of which the said Enders then and there well knew, to the great damage and deception of the said Frederick Brandt," etc.

After trial and conviction, a motion was made in arrest of judgment, for certain defects alleged to be contained in the information; which motion was overruled by the Court. The cause now comes into this Court by writ of error, and errors are assigned upon the admissibility of testimony and the charge of the Court; and also that the Court erred in refusing to arrest judgment in said cause for the various defects appearing in the information:—1st. That the information does not allege that it was by reason of the false pretenses that the grantor paid the defendant the money and property therein mentioned. 2d. That the information does not allege that any bargain was consummated between Brandt and Enders, nor that any conveyance was made; or that the lands were the consideration for the same. 3d. That the information does not contain any cause of action against the defendant.

*A. C. Baldwin*, for plaintiff in error.

I. The information, to sustain a conviction, must aver that the party defrauded, parted with his property by reason of such representations. It was undoubtedly attempted to make this averment, but an examination of the information discloses the fact that Enders was about to sell, and there it leaves the subject. From the paper nothing can be inferred. What mattered it to Brandt, so far as appears from the record whether the land had five or forty acres of water on it, or whether part, or the whole, had been sold off.—*State of Wisconsin v. Green, 7 Wis., 676 ; Wisconsin Statutes, ed. of 1858, p. 941, § 38 ; 2 Comp. Laws, 1517, § 5777 ; State v. Philbrick, 31 Maine, 401; People v. Gates, 13 Wend., 317 ; Com. v. Strain, 10 Met., 523 ; Com. v. Na-*

*son, 9 Gray, 126 ; Com. v. Lannan, 1 Allen, 590 ; State v. Bacon, 7 Vt.. 219 ; Com. v. Goddard, 4 Allen, 312.*

II. The information does not state that any bargain was consummated between Brandt and Enders, nor that any conveyance was made, or that the lands were the consideration of the same. These are all material averments. It matters not what conversation was had between Enders and other persons, if no trade was consummated. No matter what he stated he was worth, or how fair the condition of his land, if the information does not show that the trade actually made was the result of such conversation. The testimony discloses that Enders sold the land to Brandt, but the verdict cannot be sustained upon the testimony, unless there be a valid information. I cite the same authorities upon this point as the preceding, as well as the following: —*Rex. v. Mason, 2 T. R., 581 ; Rex. v. Plestow, 1 Camp., 494 ; People v. Stone, 9 Wend., 191 ; Burrow v. State, 7 Eng. ( Ark., ) 65.*

The statutes in relation to false pretenses are nearly alike in the various states, and are copied substantially from the English statutes.

*Dwight May, Attorney General,* for defendant in error.

I. The information is in the language of the statute. It charges the facts and circumstances constituting the offense in substantial compliance with the law defining it. It specifies the ingredients, and alleges the offense in precise, affirmative terms. The "*scienter*" is alleged, together with "*obtaining money by means of false pretenses,*" which are fully and properly set out, and as fully and properly negatived.—*1 Chitty Cr. Law, 286–9 ; 2 Bish. Cr. Proc., 131–2–5–8 ; Skiff v. People, 2 Park. Cr. Rep., 139 ; Com. v. Call, 21 Pick., 520 ; State v. Midleton, 11 Iowa, 246 ; Reddon v. State, 4 Greene, (Iowa,) 137–9 ; Fonda v. State, Ibid. 500 ; Session Laws, 1867, 219 ; Comp. Laws, § 6059.*

Enders *v.* The People.

The information alleges that the defendant falsely pretended that certain lands which he was *about to sell*, contained, &c., and were free from lake or water over and above a certain *quantity*, &c. By means of which said false pretenses, he *obtained*, &c. But the defendant insists upon motion in arrest: 1st. That the information should have alleged a purchase on the part of Brandt, by reason of said false pretenses; and 2d. That the information is defective in that it does not charge a *sale*. These two propositions may be considered together.

II. The facts and circumstances upon which the offense rests are sufficiently charged.

( *a* ) This offense is created by statute, and the ingredients thereof, as specified by statute—its very elements—in which the material facts and circumstances composing it, are compressed, are charged. The ingredients of the offense as *defined* by statute, expanded and particularized, constitute the material facts and circumstances in the case.— *Stark Cr. Pl. 74–6–7–8–105; 1 Ch. Cr. Law, 282–6–7–8; People v. Haynes, 14 Wend. 567; Com. v. Call, 21 Pick., 520.*

( *b* ) These then being laid, the manner in which the false pretenses were effectual in obtaining the money and mortgage was not a component part of the offense, but only an incident to be developed on proof; and hence we submit a *mere circumstance* material as an allegation only so far as it is descriptive and a foundation for the introduction of proof. The *obtaining* money, and not the purchase or sale, under false pretenses, constitutes the ingredients of the offense to be *affirmatively* alleged.—*Laws of 1867, 219; 1 Ch. Cr. Law, 286–9; 2 Bish. Cr. Proc., 131–2–5–8; Rex v. Airey, 2 East, 30; Skiff v. People, 2 Park. Cr., Rep., 139–45; Com. v. Call. 21 Pick., 520; Com. v. Tuck, 20 Ib., 362; People v. Haynes, 14 Wend., 567; People v. Johnson, 12 John., 292–3; Picard v. Stetson, 11 Mich., 75.* —The information uses the language employed by statute.

III. The materiality of the allegation of *sale*, depending then, not upon its being a component part of the crime, but upon its descriptive qualities merely, and foundation for proof as specified in *Com. v. Strain, 10 Met., 521*, it follows:

1st. That if it be substantially laid it may be proved; and 2d. If it point the defendant fully to the facts he is to meet, it is sufficient.—*Train & Heard Prec., 88–9 ; People v. Stone, 9 Wend., 191; Com. v. Hulbert, 12 Met., 446–8 ; Horan v. State, 24 Texas, 161 ; People v. Saviers. 14 Cal., 29 ; Com. v. Hessenkamp, 17 Iowa, 25–6 ; State v. Baldy, Ib., 39 ; Rex v. Airey, 2 East, 30.*

( *a* ) The object of certainty in the allegation of facts and circumstances is to apprise the respondent of what he will be called upon to answer. The cases which hold that the means through which the pretenses effected the crime, whether by sale or exchange, should appear from the information, rests upon this principle. The case of *Com. v. Strain*, the leading case upon this point, holds this doctrine. The cases in Maine and Indiana contain the same view ; *vide— Com. v. Strain, 10 Met., 521; State v. Philbrick, 31 Me., 401; Johnson v. State, 11 Ind., 481–2; State v. Orvis, 13 Ib., 569–71 ; Com. v. Goddard, 4 Allen, 312; vide* also *State v. Green ; 7 Wis., 676–84; People v. Gates, 13 Wend., 311–22 ; Glackan v. Com., 3 Met., Ky., 232.*

( *b* ) The crime is not a felony, but only a misdemeanor. —*People v. Richards, 1 Mich., 221–2.*—We submit, therefore, that the information is sufficiently certain. The allegation of sale is *substantially* made, so that the mind of the defendant could have been drawn thereby to no other conclusion.—*Skiff v. People, 2 Park. Cr. Rep., 139–45–6–7; Evans v. People, 12 Mich., 27–33 ; Lambert v. People, 9 Cowen, 609–10–11 ; 1 Bish. Cr. Proc., 282, 276, Stark. Cr., Pl., 76–7–8 ; Dedieu v. People, 22 N. Y., 180–1.*

Under the decision of *Skiff v. People,* it was necessary only to allege the offense in *general* terms, as *given* by

*statute,* leaving the sale to be shown by proof.—*1 Bish., Cr. Proc., 276–82; Stark Cr. Pl., 105; Train & Heard's Prec., 90–169, 133–4, 107; Skiff v. People, 2 Park. Cr. Rep., 139–45; Hamilton v. Regina, 9 Queen's Bench Rep., 271; King v. Airey, 2 East, 30; 2 Cox C. C., 11; 5 Ib., Appendix, 2; Queen v. Kenrick, 5 Ad. and Ell. N. S., 49; Com. v. Hulbert, 12 Met., 446–8; Com. v. Drew, 19 Pick., 179; People v. Crissie, 4 Denio, 525; People v. Clark, 10 Mich., 314; Reg. v. Ball, C. & M. 249; Young v. King, 3 T. R. 98.*

( *c* ) The pretenses themselves—a *component* part of the offense—need not be directly and minutely laid, but may appear substantially. Why need a mere incident be so specifically laid?—*Wharton's Cr. Law, 785,* ( *3* ) and cases cited.—But we submit the information not only alleges the offense in the *general statutory terms,* but it shows with precision the *colloquium* concerning a *sale*—the very *inception* of a *sale,* and to a legal certainty the sale itself. — *1 Ch. Cr. Law, 288; 2 Hale, P. C., 187,* note; *Pritt v. State, 9 Humph., 312; Evans v. People, 12 Mich., 27–33; Com. v. Hulbert, 12 Met., Mass., 446–8; State v. Raymond, 20 Iowa, 582–45; People v. Crissie, 4 Denio, 525–7; Com. v. Griffin, 21 Pick., 525–6.*

( *d* ) The information is sufficiently certain to enable the defendant on a second trial to plead a previous conviction or acquittal.—*1 Ch. Cr. Law, 230–1; Stark. Cr. Pl., 73–4.*

IV. It was unnecessary to allege a *purchase* on the part of Brandt. The term " *sale* " includes this. The offense in the language of the statute is *affirmatively* alleged, a *sale substantially* averred, so that the defect in the information, if any, does not prejudice the defendant's *substantial* rights, is *technical,—formal* merely, and cured by the verdict.—*2 Comp. Laws, §§ 6043, 6055, 6059; Train & Heard's Prec., 87–8,* note; *Whart. Cr. Law, 185,* and cases cited; *Whart.*

*Prec. 125; Arch. Cr. Pl., 51-2-3-4; 1 Ch. Cr. Law, 423-37; 1 Ch. Pl., 440-1; Hamilton v. Reg. 9 Queen's Bench, 271; Rex v. Airey, 2 East, 30; 6 McLean, 56; Rice v. People, 15 Mich., 14-17.*

V. As to the third assignment of error, it is a well settled law of pleading, that a motion in arrest will lie only where a demurrer for substantial defects would have stood.—*State v. Carver, 49 Me., 593; State v. Nixon, 8 Vt. 70*—( *a* ) The information alleges a substantial cause of action, for, independent of an allegation of sale, the information charges those facts, which, if in point of fact were found true, would render the defendant liable. The Court can ask no more. It is the province of the jury to determine their verity, and if upon the trial the prosecution attempted to support the *naked* allegations by proof of a *sale,* when none was in any manner alleged, it is quite clear that the proper mode for the defendant's counsel would have been to object to the introduction of evidence *apparently* collateral, and *except* to the ruling of the Court on its admission. —*Skiff v. People, 2 Park. Cr. Rep., 139-45; State v. Hubbs, 39 Me., 212-16; State v. Carver, 49 Ib., 588-93; Com. v. Griffin, 21 Pick., 525-6; Picard v. Stetson, 11 Mich., 75; 1 Bish. Cr. Proc., 48; Stark. Cr. Pl., 103-4-5.* —But this is not done; hence, we submit in the absence of any record to this effect, and a substantial cause of action being alleged, that a motion in arrest was improper, and was rightly denied.

CAMPBELL, CH. J.

The respondent, Enders, was informed against for obtaining property under false pretenses. The information charged him with representing that certain lands which he was about to sell to one Brandt, contained one hundred and twenty acres, and that there was not upon the land more than five acres of lake or water; that none of the

land had been sold by him, and that the premises were free of all incumbrance, except a mortgage of about $150; by means of which pretenses he obtained of Brandt $450 in money and a mortgage of the value of $450. The pretenses were negatived, and alleged to have been knowingly false.

Enders moved in arrest of judgment, after conviction, upon the insufficiency of the information. The objections are principally upon the ground that there is no sufficient connection made out by allegations of material facts, between the pretenses and the parting by Brandt with his property, and that the materiality of the pretenses does not sufficiently appear.

It is not disputed that the information does not comform at all to any proper standard of pleading. All systems of criminal, as well as of civil pleading, require that such facts be averred, as will, if admitted, lead to a necessary legal conclusion of liability or guilt. And if the facts so alleged would not of themselves require this inference, no allegation of guilt could help them out. The result must follow from the facts, and not from the pleader's conclusions.

There is no natural connection between an affirmation of the extent, or situation, or quality of the land, and the payment of money to the owner. Enders' mere representations that his land was good or bad, could not have any tendency alone to induce a stranger to give him money. If he made such representations in order to induce some one to purchase the land, and did so induce him, and obtained the money and mortgage as a price which would not have been given without those statements, their materiality is thus made to appear, but cannot be seen otherwise. Until it appears a sale was thus brought about, the statements concerning his farm do not appear of any more importance, than if he had been talking about the weather. The facts alleged lead to no conclusions, and an allegation of their

importance amounts to nothing. The Court must be enabled to judge of that for itself.

The only question that can arise upon this part of the case is, whether, after verdict, the defect is cured by the provision of our law, that when an offense has been created, or its punishment declared by any statute, the indictment shall, after verdict, be held sufficient to warrant the punishment prescribed by the statute, if it describes that offense in the words of the statute.—*2 C. L. 6059.*

This provision, (which was first adopted in substance by *Stat. 7 G. 4 C. 63 § 21,*) has never been very accurately interpreted by any one. Its original purpose was to simplify the somewhat prolix and verbose descriptions of offenses in the common law indictments; and it is not by any means clear that it was then primarily intended to define the rules applicable to motions in arrest of judgment, or writs of error. The section in which it is contained enumerates first, several grounds as not to be thereafter allowed to arrest or reverse a judgment, while the latter clause of the section simply declares that the indictment shall be held sufficient to *warrant the punishment*, if it describe the offense in the words of the statute.—*Carr. Sup. 83.*—It certainly could not have been supposed to warrant any charge against a prisoner which should set out no specific facts. No case has ever intimated, that it would be enough to charge false pretenses without stating what they were, or to allege the obtaining of property without showing what, and from whom. Yet this would be deviating from the language of the statute, and amplifying it. The common law and constitutional principle that the indictment should set out the offense so as to inform the prisoner fully, was not intended to be infringed, and so it has always been held. The substantial requisites of indictments have been regarded as just as necessary now as before the provision referred to was adopted.

Since the clause was first introduced in England, many

cases have been decided, in reference to all sorts of statutory offenses, in which, after conviction, judgment has been reversed, or stayed for the lack of substantial allegations of fact, when the pleading has been entirely conformable to the words of the statutes. It will be sufficient to refer to some having a more direct bearing upon the crime of obtaining property by false pretenses.

In *Rex v. Reed, 7 C. & P. 848,* where the pretenses and other elements of the crime were fully set out, according to the language of the statute, and almost exactly as in the case before us, the indictment was held bad, because certain averments of the value of coals were regarded as mere affirmations, and false averments of its weight were held immaterial, because it was not made to appear by the indictment, that they were connected with a sale of the coal so as to show how they operated to defraud.

In *Queen v. Wickham, 10 A. & E. 34,* it was alleged that the defendant obtained the property by the pretenses that he was a Captain in the East India Service, and that a certain note which he produced and delivered to the person defrauded, purporting to be made for the payment of the sum of £21, was a good and valuable security, whereas he was not such a captain, and the note was not a good and valuable security for any sum whatever. The indictment was held bad for not sufficiently describing the note, or how it was wanting in value.

It has been uniformly held that a description in the words of the statute did not after verdict render an indictment valid, which omitted to allege the offense to have been " against the form of the statute," &c.—See *Rex v. Pearson, 1 Moody, Cr. Ca. 313; Reg. v. Radcliffe, 2 Moody Cr. Ca. 68.*—Our statutes have remedied this difficulty expressly.

It has been held with great strictness that the ownership of the property obtained must be averred, and yet the

statute did not require this.—*Reg. v. Norton, 8 C. & P. 196.*

*Reg. v. Martin, 8 A. & E. 481.*—In this case the question of the effect of the statute of *G. 4*, was directly passed upon, and it was held that statute did not apply to dispense with matters of substance.

In *Sill v. Regina, 16 L. & Eq., 375,* under the more recent statutes, the same decision was made, and the omission of such an averment was held not to be a matter of form.

So in *Reg. v. Henderson, 1 C. & M. 328,* and *Reg. v. Philpotts, 1 C. & K. 112,* indictments which were in all respects conformable to the language of the statutes were held defective, because they did not make further averments concerning the knowledge by the prisoner, of the falsehood of certain facts alleged than were required by the statute.

The American cases cited on the argument seem to favor the same doctrines, but in the absence of full citations of local statutes, we cannot tell how far they may be considered as authority on this controversy. The English courts are quite as liberal as our own in criminal practice.

If there is to be any averment beyond what is required by the words of the statute, defining an offense, it is only reasonable that when facts are set out at all, they should be such as lead directly to a conviction of guilt. And in the case before us, they are entirely meaningless, unless helped out by the allegations, which embody mere conclusions of law. And therefore, we think, the information is too defective to maintain judgment.

This renders it unnecessary to consider the errors alleged upon the exceptions. But justice to the defendant renders it proper to say that the materiality of the statements proved, and their legal sufficiency to justify a conviction, would not have required us to make the reversal of the proceedings depend merely on technical grounds.

But as there will be no new trial, it is not desirable to pass specifically on the exceptions.

Judgment must be reversed.

The other Justices concurred.