WILLARD H. CHAPMAN V. THE PEOPLE.

*Information for murder.*

The rules of criminal pleading contemplate the innocence of the accused and are assumed to contain enough to inform an innocent man of the facts to be shown against him.

When an information contains common-law phrases and references, it may be assumed that a description contained in it is meant to have its common-law interpretation.

An information for murder cannot omit or mis-describe any fact which at common-law was regarded as an essential element of the crime.

An information charging that respondent at a specified time and place made a felonious assault upon a person named, and did then and there murder him, will not support a conviction for murder on evidence that the person assaulted died at a later time and another place.

The doctrine of relation cannot be so applied as to make the crime of murder complete at a specified time if the death did not take place until later.

Error to Ingham. Submitted and decided June 21. Opinion filed October 15.

INFORMATION FOR MURDER. Respondent was convicted below and sentenced to sixteen years' imprisonment at hard labor in the State prison.

*John C. Shields* and *W. K. Gibson* for plaintiff in error.

Attorney General *Otto Kirchner* for the People.

CAMPBELL, C. J. Defendant below was convicted of the murder of John F. Morley and brings error. The principal error which induced this court to reverse the judgment, at the last term, was that the crime set forth in the information is not the same in description as the one which the prosecution was allowed to put in proof.

The information, which is very meager in its allegations, sets forth that Chapman "on the twelfth day of

November, one thousand eight hundred and seventy-six, at the township of Meridian, in said Ingham county, with force and arms did make a felonious assault in and upon the body of one John F. Morley, in the peace of the People of the State of Michigan then and there being, and then and there willfully and of his malice aforethought did kill and murder the said John F. Morley," etc.

The proof offered and admitted against objection was that on the day named in the information (November 12, 1876), Chapman committed an assault on Morley at the town of Meridian. That Morley was subsequently removed to his home in Lansing, where he lived until November 27th, 1876, and then died, as was claimed, of the injuries which he had received fifteen days before in the former town. The averments in the information laid the whole transaction in Meridian, and averred the assault and the death as simultaneous. It was objected that under such averments it could not lawfully be shown against respondent that an assault made in one town was followed after an interval of time by death in another place.

The difficulty which is presented does not relate to the frame of the indictment as a sufficient pleading, aside from the proofs. Although very far short of being a good common-law indictment for homicide, most of the deficiencies are within the statute which dispenses with setting forth the manner of killing. Comp. L., § 7916. The common law required the nature of the weapon to appear, as well as the nature and position of the wound, while it was competent to show the assault to have been made with any weapon or implement which could produce a similar injury. The statute dispenses with these averments which had never been construed according to their real meaning. But it does not follow, even as to such averments, that where the information or indictment does go into details, it will not be inter-

preted on common-law principles far enough to prevent repugnancy. It here avers an assault, which is a crime of violence, and the death sought to be proven was the result of an assault, so that there was in that respect no lack of conformity.

Neither is the information defective for not containing sufficient averments of time. It does contain averments which would unquestionably make out a murder where the death was simultaneous with the stroke. There is no occasion, therefore, to refer to § 7923, which applies to indictments and informations deficient on their face in this respect.

The difficulty here is that the offense is misdescribed in two respects: *first*, in setting forth the assault and death as concurrent in time, and *second*, in averring them—which would perhaps have necessarily followed—as concurrent in place.

The pleader seems to have supposed, and such is the argument made, that the murder is considered in law as occurring when the blow was given which resulted in it. The time and place of the blow are given—as they always should be, if possible—in strict accordance with the facts. The whole transaction is averred to have been a single occurrence.

The Legislature has never undertaken and it is reasonable to suppose they never will undertake, to allow criminal charges to be so drawn as to mislead any one concerning the offense which they purport to describe, and we have no statute which authorizes prosecutors to misdescribe or omit any thing which at the common law was regarded as an essential element of the crime, whatever may be the case as to matters indifferent. And when a description is found in an information which uses common law phrases and references, it must be assumed as intended to have its common law interpretation. As has been frequently remarked, the rules of pleading are framed on the supposition that accused

persons may be innocent, and they cannot be construed
except in that light. They are assumed as necessarily
containing, according to the constitutional requisition,
enough to inform an innocent man of the facts intended
to be shown against him.   *Brown v. People*, 29 Mich.,
232; *People v. Marion*, 28 Mich., 255; *People v. Olmstead*,
30 Mich., 431.   Making all due allowance for the aver-
ments which at common law need not be strictly made
out, the offense must not at any rate be misdescribed,
nor can the indictment omit any thing essential to its
description.   *Enders v. People*, 20 Mich., 233; *Merwin
v. People*, 26 Mich., 298.

From the earliest history of the common law, all
homicides have been regarded as composed of two dis-
tinct elements, neither of which has been allowed in
theory or in legal practice to merge the other.   The
injury which causes death is never regarded as consti-
tuting the crime of murder or manslaughter.   The death
of the victim not only within a year and a day, but
also within the same jurisdiction was the controlling ele-
ment which distinguished the guilt of the assailant from
a common assault.   The time and place of death were
always considered as necessary to be averred, and were
required to be averred as independent of the averments
of assault.   Until provided for by statute, death in one
county from an attack in another did not make murder
in either county.   2 Hale P. C., 163; 1 Russ. Cr., 548-9;
*Regina v. Gt. Western Rw.*, 3 Ad. & El. (N. S.), 333.
And a statute which provided for the· punishment of
crimes commenced in one county and finished in another
has been applied to such cases.   1 Russ. Cr., 548.   It
is only under modern statutes that death on land from an
injury at sea, or death at sea from an injury on land, could
be reached by either common law or admiralty courts.
See cases referred to in *People v. Tyler*, 7 Mich., 161.
When this case came up a second time in *Tyler v. People*,
8 Mich., 320, it was held by a majority of this court
that the fact of death within this State was so impor-

tant a part of homicide as to give jurisdiction where the blow which caused it was beyond the jurisdiction. It is enough for the present case to say that the fact of death is an essential ingredient in homicide, and until it occurs there is no such crime, and one who aids the assailant between the blow and the death is not an accessory before or after the fact. 2 Hawk. P. C., 448, 320; 4 Bl. Com., 38; 1 Russ. Cr., 38; Archb. Cr. Pl., 10; 1 Hale P. C., 622. The time for bringing a prosecution by appeal ran from the death and not from the injury. 1·Hale P. C., 427. And it has been expressly held that an indictment which correctly showed the dates of the stroke and subsequent death, was bad if it charged the murder as of the former day, and good if it charged it as of the latter, although better if it connected the offense with both. 1 Hale P. C., 427, 428.

It certainly would not strike any one who is not a criminal lawyer that there could be any identity in two descriptions, one of which described a murder where death was immediate, and another where it occurred at a different place and after a considerable interval. If the person killed in the present case had been a stranger, and described in the information as a person whose name was unknown (and in that case the rules of pleading would be the same), an innocent defendant charged with killing him on the 12th of November, in Meridian, could hardly be expected to understand he was to meet a case where the supposed victim died elsewhere thereafter, and might find great difficulty in getting at the facts. Whatever liberality may be used in allowing criminal prosecutions to proceed on false allegations, courts cannot without going entirely beyond reason permit such a charge as that contained in the information before us to cover facts entirely inconsistent with it.

It is undoubtedly true that the wrongful act of the respondent may have all been done on the 12th of November, but it is equally clear that on that day there had been no murder, and that an averment of the death at

Meridian was untrue. There is no doctrine of relation which could alter the date or the time of the death, and no rule which could anticipate the death and complete the crime earlier.

We are not called upon now to speculate on the question whether in a case like this there may not be a brief indictment which would obviate the difficulties. It is not desirable to favor any practice which does not fairly inform accused persons of the charges against them. There may be, nevertheless, some forms legally sufficient, which are not of much use for such a purpose. It would not be creditable to the administration of justice to go far enough to permit repugnant statements.

The judgment has been already entered in accordance with these views.

The other Justices concurred.