THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* BENNY LEGERI, Respondent.

Second Department, July 22, 1933.

*Richard H. Brown, Assistant District Attorney [Elvin N. Edwards, District Attorney*, with him on the brief], for the appellants.

*Rudolph Trier*, for the respondent.

PER CURIAM. The common-law rule that no person can be convicted of homicide where the victim does not die within a year and a day after blow struck or other cause of death administered no longer exists in this State if it has been abrogated by the Legislature. (State Const. art. 1, § 16.) In our opinion the rule has been abrogated, although in this case for practical purposes it might well have been applied.

The Penal Law and the Penal Code (the latter superseded by the former) were intended as a complete compilation of crimes. It is specifically provided therein that no act is deemed criminal or punishable except as prescribed therein or in some other statute not repealed thereby. (Penal Law, § 22; Penal Code, § 2.)

There is no common-law crime in this State. (*People* v. *Knapp*, 206 N. Y. 373; *People* v. *Ingber*, 248 id. 302.)

The Penal Law, under the title " Objects of Penal Law " and the Penal Code, under the title " Objects of the Penal Code," specify the class of persons capable of committing crimes, *define the nature* of the various crimes, and the kind and nature of punishment. (Penal Law, § 20; Penal Code, § 7.)

" The definition of the crime  *  *  *  must be sought for in the statute." (*People* v. *Ingber*, 248 N. Y. 302.)

The definitions of the nature of homicides in various degrees are clearly set forth in detail, and do not include the " year and a day " rule. It has, therefore, been excluded.

Confirmation of this view may be found, to some extent at least, from the following:

(1) Almost complete silence on the subject in the juridical literature of the State. Only one reference thereto, and that incidental, has been called to the court's attention. (*Burns and Cary* v. *People*, 1 Park. Cr. 182 [1848].) This may be deemed a practical recognition of the abrogation of the rule.

(2) By chapter 22 of the Laws of 1787 it was provided that a willful killing by poisoning of any person shall be deemed premeditated murder. By chapter 29 of the Laws of 1813 poisoning with intent to murder *where death does not ensue within a year and a day* was punishable with imprisonment in the State prison for a term not exceeding fourteen years. Thus willful poisoning was

deemed premeditated murder in 1787, while in 1813, where death did not ensue within a year and a day, it was a crime of lesser degree.

By chapter 22 of the Laws of 1787 one was guilty of willful murder who stabbed another, the latter having no weapon drawn or not having first struck the other who stabbed, *so that the one stabbed die within six months then following,* although it could not be proved that the killing was done with malice aforethought. Thus a limitation of time between blow and death was determinative of the quality of the act.

When the Legislature in 1828 enacted the Revised Statutes, part IV thereof was entitled, "An Act concerning crimes and punishments," and was stated in the title to be a consolidation and arrangement of statutes relating to crimes and punishments. At the same session at which the Revised Statutes were enacted a general repealing act was passed, by which chapter 22 of the Laws of 1787 and chapter 29 of the Laws of 1813 were repealed. Thus, when the Legislature was compiling and consolidating the laws with reference to crime, it expressly repealed statutory rules similar to the " year and a day " rule under consideration. This indicates an intent to abrogate that rule.

Great advances have been made in medicine and surgery, and the doubt that the blow was the cause of death, when the latter ensued a year and a day after the former, has, in a large measure, been removed. Frequently there is now light where once there was darkness.

In *Commonwealth* v. *Evaul* (5 Pa. Dist. & Co. 105) the court refused to extend the rule to " involuntary " manslaughter because of the negligent operation of an automobile.

There are a number of States in which it has been held that the " year and a day " rule still survives. The cases were considered without direct reference to a criminal code, save *Hardin* v. *State* (4 Tex. Ct. App. 355), *State* v. *Dailey* (191 Ind. 678).

The order dismissing the indictment should be reversed, the motion denied and the indictment reinstated.

LAZANSKY, P. J., YOUNG, KAPPER, SCUDDER and TOMPKINS, JJ., concur.

Order of the County Court of Nassau county dismissing indictment reversed on the law, motion denied and indictment reinstated.