PEOPLE v STEVENSON

Docket No. 47013. Submitted September 3, 1980, at Grand Rapids.— Decided October 23, 1980. Leave to appeal applied for.

Defendant, Ross Stevenson, shot a man during an attempted armed robbery on December 15, 1976. On December 19, 1977, the victim died from his wounds. Stevenson was charged with first-degree felony murder. The district court ordered the complaint and warrant quashed based upon the year and a day rule, and the Kent Circuit Court, Stuart Hoffius, J., affirmed. The people appeal by leave granted, alleging that the year and a day rule should be applied from the date of death rather than the date of injury, that the rule is not recognized in Michigan, that even if it were recognized it has been supplanted by a statute of limitation, that the Court of Appeals should abrogate the rule, and that first-degree felony murder does not contain the common law definition of murder. *Held:*

1. The common law rule, that to constitute murder death must have occurred within a year and a day from the date of the injury causing the death, is applied from the date of injury.

2. The rule is recognized in Michigan. Murder is not defined by statute, but by the common law, and the year and a day element of common law murder is still valid.

3. The rule has not been supplanted by the statute which allows a charge for murder to be brought at any time after the death of the victim. The rule is a controlling element of common law murder without which there can be no finding of murder upon which to base a charge.

4. The Court of Appeals declines to abrogate the rule by judicial fiat. Even if the Court did have the power to abrogate the rule, to apply that decision retroactively to the present defendant would constitute a violation of due process.

5. The rule applies to all prosecutions for statutory first-

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 40 Am Jur 2d, Homicide § 14.
Homicide as affected by lapse of time between injury and death. 60 ALR3d 1323.
[4] 40 Am Jur 2d, Homicide § 2.
[5] 40 Am Jur 2d, Homicide §§ 14, 45.

degree felony murder because statutory first-degree murder requires proof of common law murder plus an added element of either premeditation or the perpetration or attempt to perpetrate an enumerated felony.

Affirmed.

1. HOMICIDE — MURDER — COMMON LAW — YEAR AND A DAY RULE.

Under the common law, to constitute murder, the death of the victim must have occurred within a year and a day from the date of the injury.

2. HOMICIDE — MURDER — YEAR AND A DAY RULE.

Murder, other than where defined by statute, is defined by the common law, and the "year and a day" element of common law murder is still valid.

3. HOMICIDE — MURDER — YEAR AND A DAY RULE — STATUTES.

The "year and a day" rule is a controlling element in the common law definition of murder without which there can be no finding of murder upon which to base a charge; therefore, the rule is not a solely evidentiary period of limitation and has not been supplanted by the statute which provides that a charge for murder may be brought at any time after the death of the victim (MCL 767.24; MSA 28.964).

4. APPEAL — MURDER — YEAR AND A DAY RULE — ABROGATION OF RULE.

The Court of Appeals should not abrogate the "year and a day" rule of common law murder by judicial fiat; any alteration, rejection or reaffirmation of the rule must come from the Legislature or the Supreme Court.

5. HOMICIDE — MURDER — FIRST-DEGREE MURDER — YEAR AND A DAY RULE.

First-degree murder is a statutory crime consisting of the common law crime of murder with an added element of either premeditation or the perpetration or attempt to perpetrate an enumerated felony; because the people must first prove common law murder with the concomitant "year and a day" element, the "year and a day" rule applies to all prosecutions for first-degree murder (MCL 750.316; MSA 28.548).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *David H. Sawyer,* Prosecuting Attorney, and *Carol S. Irons,* Chief Appellate Attorney, for the people.

.

*Patrick C. Bowler,* for defendant on appeal.

Before: MacKenzie, P.J., and Allen and D. F. Walsh, JJ.

Allen, J. The people appeal from an order of the circuit court for Kent County dated July 12, 1979, affirming the district court's grant of defendant's motion to quash a complaint and warrant for first-degree felony murder against defendant. Affirmance of the district court's order to quash was based upon the common law year and a day rule. The issue presented is of first impression in Michigan.

On December 15, 1976, defendant Ross Stevenson attempted to rob the Registrar's Office of Aquinas College. A young man tried to intervene and was shot twice in the abdomen by defendant. Defendant was arrested two days later and charged with assault with intent to rob and assault with intent to murder. On February 18, 1977, defendant pled guilty to the charge of assault with intent to rob while armed and on April 15, 1977, was sentenced to a prison term of 6 to 15 years.

The young man shot by defendant died from his gunshot wounds on December 19, 1977, one year and four days after being shot. On February 1, 1978, the people charged defendant, already incarcerated on the assault with intent to rob while armed conviction, with first-degree felony murder. Defendant moved in district court to quash the complaint and warrant on grounds that the prosecution was barred by the common law year and a day rule. Defendant's motion was granted and the complaint and warrant were dismissed. The people appealed to circuit court where the district court was affirmed. The people appeal.

The rule has its origins in early English law dating as far back as the Statutes at Gloucester in 1278. *Elliott v Mills,* 335 P2d 1104 (Okla Cr App, 1959). Under the rule the common law placed an outer limit on the time that could elapse between the injury and death, the conclusive presumption being that the injury did not cause the death if the interval exceeded a year and a day. The rule is recognized in the Federal courts and some 29 states. 60 ALR3d 1323, 1327-1329. Nevertheless, the people challenge the applicability and existence of the rule in Michigan.

It is first argued that the year and a day is to be applied after the date of death rather than the date of injury. This is incorrect.

"In cases of murder the rule at common law undoubtedly was that no person should be adjudged 'by any act whatever to kill another who does not die by it within a year and a day thereafter; in computation whereof the whole day on which the hurt was done shall be reckoned first.' 1 Hawk P.C., chap 13: 2 Hawk P.C., chap 23, § 88; 4 Bl Com 197, 306." *Louisville, E & St L R Co v Clarke,* 152 US 230, 239; 14 S Ct 579, 581; 38 L Ed 422, 424 (1894).

The rule is stated as follows in 3 Gillespie, MCLP (2d ed), 1978 Rev, § 1652, p 671.

"Under the common law, to constitute murder, death must have occurred within a year and a day from the date of the injury."

See also 60 ALR3d 1323, 40 CJS, Homicide, § 12, p 856, and 26 Am Jur, Homicide, § 46, p 190.

It is next argued that even if the common law "year and a day" rule is applied from the date of injury, the rule is not and has not been recognized in Michigan. However, the United States Supreme

Court has held that the common law year and a day "is the rule in this country in prosecutions for murder, except in jurisdictions where it may be otherwise prescribed by statute". *Louisville, supra,* 239. The Michigan Constitution 1963, art 3, § 7, specifically states:

"The common law and the statute laws now in force, not repugnant to this constitution, shall remain in force until they expire by their own limitations, or are changed, amended or repealed."

Michigan case law is consistent with the constitutional provision and clearly states that murder is not defined by statute in Michigan but by the common law. *People v Carter,* 387 Mich 397, 415; 197 NW2d 57 (1972), *People v Morrin,* 31 Mich App 301, 321; 187 NW2d 434 (1971), *People v Potter,* 5 Mich 1, 6 (1858). *Chapman v People,* 39 Mich 357 (1878), is the only published Michigan case which has had occasion to address the common law "year and a day" rule. *Chapman* indicates that, at common law, in order for an injury which causes death to be regarded as murder, two elements must be established: (1) death of the victim within a year and a day of the injury, and (2) death of the victim within the same jurisdiction as the injury. *Chapman, supra,* 360. Thus, although the second element of common law murder has been changed by statute, the "year and a day" element is still valid law in Michigan.

The people further contend that even if the "year and a day" rule was recognized in Michigan, it was solely evidentiary as a period of limitation which has been supplanted by MCL 767.24; MSA 28.964. This argument fails to distinguish Michigan's statutory period of limitation and the elements of common law murder. MCL 767.24; MSA

28.964 provides that: "An indictment for the crime of murder may be found at any period after the death of the person alleged to have been murdered * * *." The year and a day rule as noted in *Chapman, supra,* 360, is a "controlling element" in the common law definition of murder without which there can be no finding of murder upon which to base an indictment. Therefore, the year and a day rule is not a solely evidentiary period of limitation which has been supplanted by MCL 767.24; MSA 28.964.

The people urge this Court to judicially abrogate the year and a day rule, whether evidentiary or substantive, as archaic and devoid of justification in light of modern criminal investigation and advances in medical science since the rule's formulation 700 years ago.

"The reason assigned for [this] rule was that if the person alleged to have been murdered 'die after that time, it cannot be discerned, as the law presumes, whether he died of the stroke or poison, etc., or a natural death; and in case of life, a rule of law ought to be certain.' 3 Coke, Inst 53." *Louisville, supra,* 239.

The claim that the rule is so archaic and outmoded that it should be abrogated by judicial decision has been raised and considered by some five states. The great majority of these jurisdictions, while agreeing that the rule should be set aside for the more rational test of proximate causation,[1] refuse to do so by judicial fiat. Instead, the

---

[1] "Finally, it must be emphasized that the refusal to apply the 'year and a day' rule does not deprive the defendant of any fundamental right. In all homicide cases, the burden always falls upon the prosecution to prove proximate causation—that death flowed from the wrongful act of the defendant. *That* must be the critical determinant, and not the expiration of some archaic, arbitrary time period." *State v Sandridge,* 5 Ohio Op 3d 419, 420; 365 NE2d 898 (1977).

majority decisions conclude that abrogation should be by legislative act or by rules promulgated by the Supreme Court.

Thus, in *Commonwealth v Ladd,* 402 Pa 164; 166 A2d 501 (1960), the Pennsylvania Supreme Court held that the rule was procedural in nature and could be abolished by the court "without being guilty of judicial legislation". *Id.,* 174-175. But the Supreme Court of New Jersey, disagreeing with *Ladd,* found the rule was a constituent element of the common law crime of murder and held that it could only be abolished by the Legislature. *State v Young,* 77 NJ 245; 390 A2d 556 (1978). In *Commonwealth v Golston,* 373 Mass 249, 255; 366 NE2d 744, 749 (1977), the Supreme Court of Massachusetts, in dicta, suggested that "if the point comes before us we shall feel free to reexamine the justification for the rule". Maryland, though conceding that the rule might have outlived its usefulness, refused to find it outmoded and concluded that such action should be taken by the Legislature.

"But even so, we are not prepared to say that the rule of a year and a day is presently anachronistic, or that such period, after which death is conclusively presumed to result from natural causes, is no longer realistic. Abolition of the rule may well result in imbalance between the adequate protection of society and justice for the individual accused, and there would remain a need for some form of limitation on causation. "* * * It is evident from what we have said that we are of the opinion that if change is to be made in the rule it should be by the General Assembly because expression and weighing of divergent views, consideration of potential effects, and suggestion of adequate safeguards, are better suited to the legislative forum." *State v Brown,* 21 Md App 91, 97; 318 A2d 257, 261 (1974).

Ohio alone has abrogated the rule by judicial decision without regard to whether the rule is procedural or substantive. *Sandridge, supra.* In that case, the Court of Common Pleas of Cuyahoga County denied defendant's motion to dismiss on grounds that 23 months had elapsed between the date of the injury and death.

"Today, the retention of the 'year and a day' rule is clearly an anachronism. The jury may now rely on the testimony of expert witnesses and need not decide issues on the basis of their own individual knowledge. Furthermore, since great advances have been made in scientific crime detection and scientific medicine, the doubt that a mortal blow is the cause of death, when death ensues a year and a day after the blow, has been largely removed. See *People v Legeri,* 239 App Div 47, 266 NYS 86; *Commonwealth v Ladd,* 402 Pa 164; 166 A2d 501. Consequently, a period of a year and a day after which death is conclusively presumed to result from natural causes is no longer realistic." *Sandridge, supra,* 420.

This Court agrees with the majority holdings cited above. We, too, find that advances in medical science, especially in the area of life support systems, has diluted the underlying rationale for the year and a day rule. But we, too, decline to abrogate the rule by judicial fiat. Because our Supreme Court in *Chapman, supra,* has held that the year and a day rule is a substantive element of the common law crime of murder, we cannot follow the decision in *Ladd.* Further, even if the rule were procedural in nature, "[a]ny sweeping alteration, rejection or reaffirmation of the rule must come from the Legislature or the Supreme Court" and not from this Court. *Serafin v Serafin,* 67 Mich App 517, 527; 241 NW2d 272 (1976), *aff'd* 401 Mich 629; 258 NW2d 461 (1977).

If we are correct in concluding that the year and a day rule is a constituent element of the crime of murder and, assuming, *arguendo,* that we had the power to abolish or modify the rule by judicial decision, we still could not hold defendant bound over on the offense of common law murder. To now abolish the rule and retroactively apply that decision to defendant's conduct would amount to an *ex post facto* action. It would make culpable as a crime conduct which previously was not a crime or constituted a lesser offense. Such action constitutes a violation of due process. As was stated in *State v Young, supra,* 252, 254:

"Despite the fact that a majority of the Court believe that the year and a day rule should be abolished or modified, there is no majority in the Court for rendering any such determination effective retroactively so as to sustain the conviction of the defendant for murder.

\* \* \*

"The indicated rationale is plainly applicable here. On September 18, 1973, the victim still alive, defendant was forever immune to prosecution for murder under the common law of New Jersey as it then stood. To render a present determination by this Court, abolishing the year and a day rule or extending the period thereof, effective to subject the defendant to liability for murder, would be fundamentally unfair in a jurisdiction devoted to the rule of law, if not offensive to concepts of due process, state and federal."

On similar grounds, this Court recently declined to abrogate a common law rule even though the Court acknowledged that the rule was outmoded and no longer served a useful purpose. Any change in the rule should be made by the Legislature. *People v Guthrie,* 97 Mich App 226; 293 NW2d 775 (1980).

The people's last contention is also without

merit. The people maintain that statutory first-degree felony murder, MCL 750.316; MSA 28.548, does not contain the common law definition of murder. First-degree murder is a statutory crime; it is the common law crime of murder with an added element, *viz.* either premeditation or the perpetration or attempt to perpetrate an enumerated felony. *People v Carter,* 395 Mich 434, 437; 236 NW2d 500 (1975), *People v King,* 58 Mich App 390, 401; 228 NW2d 391 (1975), *People v Allen,* 39 Mich App 483, 501; 197 NW2d 874 (1972), dissenting opinion adopted in 390 Mich 383; 212 NW2d 21 (1973). Therefore, since the people must first prove common law murder, with the concomitant "year and a day" element, it is obvious that the year and a day rule applies to all prosecutions for statutory first-degree felony murder.

Accordingly, the circuit court's order affirming the district court's grant of defendant's motion to quash the complaint and warrant is affirmed.

Affirmed.