"The jurors for the State upon their oaths present, that Curtis Orrell, late of the county of New Hanover, laborer, not having the fear of God before his eyes, but being moved and seduced by the instigation of the devil, on the seventeenth day of May, in the year of our Lord one thousand eight hundred and twenty-six, with force and arms, in the county of New Hanover, in and upon one Penelope Orrell, in the peace of God and the State then and there being, feloniously, willfully, and of his malice aforethought, did make an assault; and that the said Curtis Orrell, a certain gun, of the value of five shillings, then and there loaded and charged with gunpowder and leaden shot, which gun he the said Curtis Orrell in his hands then and there had and held, to, against, and upon the said Penelope Orrell, then and there feloniously, willfully, and of his malice aforethought, did shoot and discharge, and that the said Curtis Orrell, with the leaden shot aforesaid, out of the gun aforesaid, then and there by the force of the gunpowder, shot and sent forth as aforesaid, the said Penelope Orrell, in and upon the left side of her the said Penelope Orrell, a little above the left *Page 90 
hip of her the said Penelope Orrell, then and there feloniously, willfully, and of his malice aforethought, did strike, penetrate, and wound, giving to the said Penelope Orrell, then and there, with the leaden shot aforesaid, so as aforesaid shot, discharged, and sent forth out of the gun aforesaid, by the said Curtis Orrell in and upon the left side of her the said Penelope Orrell, a little above the left hip of her the said Penelope Orrell, one mortal wound, of the depth of six inches, of which said mortal wound the said Penelope Orrell died. And so the jurors aforesaid, upon their oaths aforesaid, do say that the said Curtis Orrell the said Penelope Orrell, in manner and form aforesaid, feloniously, willfully, and of his malice aforethought, did kill and murder, etc."
After a verdict for the State the prisoner's counsel moved in arrest of judgment:
1. Because it was not averred in the indictment that (140) the death happened within a year and a day after the mortal wound was given.
2. Because it did not appear upon the indictment that the deceased died in the county of New Hanover.
For these reasons the judgment was arrested by his Honor, Judge Norwood;
whereupon the solicitor prayed an appeal.
All the authorities tell us that some period of time when the alleged offense was committed must be stated in the indictment; yet the very same authorities most expressly inform us that it is entirely unimportant to confine the proofs of the commission of the crime to the day charged; all that is required is to show the offense was committed prior to the filing of the bill of indictment. Thus an indictment omitting to state any time when an offense was committed is insufficient; yet if the bill states that the offense was committed, as in this case, on 17 May, 1826, proof of an offense committed on 1 January, 1825, will support the charge. All that the law requires is that an offense prior in point of time to the filing of the bill should be proved. But it is our business to declare the law as we find it established by the lawmakers — not to make it ourselves. From these principles it necessarily follows that we must not understand that the mortal wound was given on 17 May, 1826. It may have been given at any day previous to the finding of the bill, for such proof would have supported the *Page 91 
charge that it was given on that day. We cannot, therefore, draw any aid from the time laid in the bill when the wound was given, and, by comparing that time with the filing of the bill, show that the death followed within one year and a day from the time the wound was given. If such was (141) not the case, that is, if death did not take place within a year and a day of the time of receiving the wound, the law draws the conclusion that it was not the cause of death; and neither the court nor jury can draw a contrary one. It not appearing, therefore, upon this indictment, when the death happened, and as it may have been more than the period aforesaid after the wound, the Court is bound to say that it does not appear to them that the defendant has been guilty of the murder of the deceased. The judgment, therefore, was properly arrested in the court below, for it is essential that it should appear that death ensued within what may be called the prescribed time.