This is an action on the official bond of the defendant, executed by him as sheriff of Henderson, for the default of his deputy, J. J. Summey. The breaches assigned were that the said deputy had not used due diligence in collecting certain debts, placed in his hands for collection, and, in the second place, had collected the same and refused, on demand, to pay over the money to the relators. The execution of the bond declared on was admitted, and that the said Summey was the defendant's deputy during his official term, commencing in September, 1842. The relators read in evidence a receipt signed by the said Summey for sundry notes, which was in the usual form of officers' receipt for notes given them to collect. It was admitted that *Page 187 
all the debts set forth in the same were on solvent persons, except the McCarson debt, and for that the relators did not claim to recover. The defendant's counsel admitted that the debts had been all collected, except the said McCarson debt and the debt on Brittain Johnson. The defendants then showed that the said deputy had paid the relators $50 on 28 July, 1843; $437.43 on 2 November, 1843; $100 on 2 June, 1844; $85 on 7 July, 1844; $40 on 26 December, 1845, and $20 on 2 (252) November, 1846.
The relators then called William Brittain, who proved that he paid said Summey on the debt due from him and Johnson mentioned in the said receipt, in February or March, 1843, something over $200 in corn and $40 in claims on the county of Henderson, and in the fall of said year he paid said Summey $90 in cattle and $40 in county claims, and in the fall of 1844 paid off the balance of said note in cattle, and took it up. The credits were indorsed thereon from time to time according to the amount paid.
It appeared on the trial that the relators resided in Lincolnton, some seventy miles from Henderson. There was no evidence tending to show that the relators had authorized the said Summey to collect the debt on Brittain Johnson in anything but money, or that they knew of the kind of payments made thereon, or that they ratified the same thereafter. The relators offered no proof to show that any of the other debts set forth in the said receipt had been collected, except the said Brittain Johnson debt. There was no evidence of the application of the money paid by the said Summey to the relators, nor any evidence of any directions given by him as to its application. The counsel of the relators, in opening the case, stated that the money paid by the said Summey had been applied to the extinguishment of the Brittain Johnson debt, and this suit was brought for the default of the said Summey in relation to the other debts set forth in the said receipt.
The defendant's counsel insisted that the money paid ought not to be applied to the Brittain Johnson debt, there being no evidence that the said Summey had converted the property by him secured into money, when he made the (253) payments to the relators; that it made no difference whether he received the property with or without authority, the money paid could not be presumed to be the proceeds of the said property, unless there was evidence to show that he had received money for the property before the payments were made. The court charged that if Summey, the deputy, received property and county claims in payment of the Brittain Johnson debt, *Page 188 
without authority from the relators, and there was no subsequent ratification by them, then he became their debtor to the amount of the said debt, and it was not material whether he converted the same into money before he made the payments to the relators or not. And the court further charged, as it did not appear that any application of the money had been made by the relators or directed by the said Summey, that the money proved to have been paid ought to be applied, first to the Brittain Johnson debt, and, if there was a balance, then to the debts set forth in the said receipt, which were within the jurisdiction of a justice of the peace, and on persons admitted to be solvent. The jury found according to the charge of the court. A new trial was moved for and refused, judgment rendered on the verdict, and the defendant appealed.
This case was before the Court at its last term and is reported S. v. Thomas, 32 N.C. 165. It was then held that no judgment could be rendered on the special verdict, because it did not appear that any of the claims had been collected, so as to make a debt or demand "to which the payments could be applied"; so the question as to the application of (254) money, which was intended to be presented, did not arise.
But it was intimated that if the deputy had collected anything on the note of Brittain Johnson, the payments ought, first, to be applied to that demand, because it is the rule in this country to apply payments to the debt for which the security is the most precarious, when no application is made by the party who pays. Moss v. Adams, 39 N.C. 42, was cited in support of the position. Upon the second trial it was proven that the deputy had collected the whole of the note of Brittain Johnson; not, it is true, in money, but in horses and cattle, which he received as money, and gave up to them their note, and the judge in the court below held that this was such a collection of the claim as to make it a debt or demand to which payments could be applied, and that, in the absence of any proof that any collections had been made upon any of the other claims and paid over to the relators, it was proper to apply the payments to the extinguishment of the claim upon the bond of Brittain Johnson, although it was not proven that the deputy had sold the horses, cattle, etc., and realized the money from such sales. We see no *Page 189 
error in this opinion; it fully accords with the intimation given in the case when it was last before us, which was in accordance with the law, as held in Moss v. Adams, supra.
PER CURIAM. Judgment affirmed.
Cited: Sprinkle v. Martin, 72 N.C. 93; Miller v. Womble, 12 N.C. 139.
(255)