COMMONWEALTH *vs.* DANIEL M. ROBERTSON.

Bristol.    June 18, 1894. — September 5, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Statute — Transfer of Cases and Form of Order in the Supreme Judicial Court — Indictment for Murder by stabbing with a Knife — Description of Wound — Allegations conformable to Declaration of Rights — Allegation sufficiently stating the Time of Death — Photographs as Evidence.*

The St. 1892, c. 127, entitled "An Act authorizing the transfer of cases in the Supreme Judicial Court," was intended to give to the full court, upon application of a party, full power to determine the place of hearing questions of law in any case, including capital cases, and it does not take away the jurisdiction of the justices before whom the trial is had to make such prior orders as are authorized by Pub. Sts. c. 153, § 16, or by St. 1891, c. 379.

The St. 1892, c. 127, entitled "An Act authorizing the transfer of cases in the Supreme Judicial Court," gives jurisdiction as soon as questions have been put in form for hearing, so that nothing remains to be done but to make the formal entry of them in the full court which Pub. Sts. c. 153, § 15, directs the clerk to make "as soon as may be"; and there is no good reason why they should first be entered in the county where the trial is had, and then transferred to Suffolk or some other county.

An order of this court recited that whereas on a certain date application was made to the Supreme Judicial Court, sitting as a full court in the county of Suffolk for the Commonwealth, by the Attorney General, praying that the exceptions in a capital case be assigned and heard by the full court sitting at Boston for the Commonwealth, upon which application the parties were heard by the full court; it was ordered that the questions of law arising upon the exceptions be assigned and heard by the full court sitting at Boston for the Commonwealth on a specified day and at a certain hour. *Held*, that the form of the order was sufficient, and that the words "assigned and heard by the full court sitting in Boston" are equivalent to "entered and heard by the full court" sitting in Boston.

An indictment for murder by stabbing with a knife need not allege in what way or in which hand the knife was held.

An indictment for murder, which avers that the death ensued from "one mortal wound" given on the head of the deceased by a knife, is sufficient without a more specific description of the wound.

The provisions of Article XII. of the Declaration of Rights, which secure to the accused person the right to have his crime or offence "fully and plainly, substantially and formally, described to him," only require such particularity of allegation as may be of service to him in enabling him to understand the charge and to prepare his defence.

In an indictment for the murder of M. R., the day of the assault was given, the assault resulting in a mortal wound was described, and then followed the words "of which said mortal wound the said M. R. then and there died." *Held*, that the words "then and there" related to the time previously stated in the indictment as the time of the assault, and that they sufficiently stated the time of the death.

On the trial of an indictment for murder, photographs taken only three hours after the homicide, showing the condition of the premises at the time of the discovery of the crime, and verified to the satisfaction of the court, are admissible in evidence to assist the jury in understanding the situation of affairs at the time and place of the commission of the homicide; and the fact that the defendant did not deny the killing does not affect the competency of the evidence.

INDICTMENT, in one count, for murder. The indictment was as follows :

" The jurors for the said Commonwealth, on their oath and affirmation present, — That Daniel M. Robertson of New Bedford in the county of Bristol, at New Bedford in the county of Bristol, on the ninth day of September in the year of our Lord eighteen hundred and ninety-three, in and upon one Mary Robertson feloniously, wilfully, and of his malice aforethought an assault did make, and with a certain weapon, to wit, a knife, which the said Daniel M. Robertson then and there held, her, the said Mary Robertson, feloniously, wilfully, and of his malice aforethought did strike, cut, stab, and thrust in and upon the head of her, the said Mary Robertson, giving to her, the said Mary Robertson, by the striking, cutting, stabbing, and thrusting in and upon the head of her, the said Mary Robertson, one mortal wound, of which said mortal wound the said Mary Robertson then and there died.

" And so the jurors aforesaid, upon their oath and affirmation aforesaid, do say that the said Daniel M. Robertson the said Mary Robertson, in manner and form aforesaid, then and there feloniously, wilfully, and of his malice aforethought did kill and murder, against the peace of said Commonwealth, and contrary to the form of the statute in such case made and provided."

Trial in the Superior Court, before *Mason*, C. J., and *Dunbar* and *Sheldon*, JJ., who allowed a bill of exceptions, in substance as follows.

Before the jury were impanelled the defendant filed a motion to quash the indictment for the following causes: 1. Because the indictment contains no sufficient allegation or. description how the defendant held the knife. 2. Because the mortal wound is not sufficiently described. 3. Because there is no allegation or description in the indictment upon what part of the head the mortal wound was inflicted. 4. Because the indictment contains allegations of several wounds, and it does not sufficiently appear which wound was the mortal wound. 5. Because the time of death is not alleged, whether instantaneous or not.

The court overruled the motion, refusing to quash the indictment, and ruled that the indictment was sufficient. The defendant excepted. The government, in opening its case to the jury, contended that the crime charged was murder in the first degree, that is, murder with deliberately premeditated malice aforethought, and disclaimed that it was murder in an attempt to commit a crime punishable with death or imprisonment for life, or murder committed with extreme atrocity or cruelty, and stated that it would claim a verdict for murder in the first degree. The defendant did not deny the killing, but contended that it was manslaughter, or murder in the second degree.

It appeared that the deceased came to her death by means of an incised wound on the left side of the face, inflicted by the defendant with an ordinary case-knife which had been used in the family as a carving-knife for several years, and had been sharpened from time to time as it became dull; that there were upon her body other incised wounds inflicted by the defendant at the same time and with the same knife, to wit, one cut upon the outer part of the left arm above the elbow and extending below the elbow, one cut upon the inside of the left arm, two cuts back of the right ear, a cut upon the right shoulder, a cut upon the forehead, and also a cut passing through the left cheek at a point in the line of the left corner of the mouth and the left ear-hole, about midway on that line, being the same cut first above mentioned.

It was contended by the government that this last wound, as above described, alone caused her death. The government offered in evidence three photographs, taken about three hours after the homicide, which photographs were numbered one, two,

and three; numbers one and two being different views of the kitchen where the alleged murder occurred, and number three being a view of the chair and body in the dining-room. There was evidence that the objects shown were in the same condition at the time of taking the photographs as at the time of the killing. The photographer who took them testified that they were correct views at the time they were taken of the objects in the rooms. The defendant objected to the admission of these photographs and of their inspection by the jury, but the court admitted them, and they were inspected by the jury, and the defendant excepted.

The court, against the defendant's objection, permitted these several photographs to be taken by the jury into the jury-room, and the defendant excepted. There was evidence tending to show deliberately premeditated malice aforethought.

The Attorney General, in his closing argument, held up to the jury the photograph numbered three, and said to them: "When you hear of the community outraged by a crime of atrocity, of the unspeakable atrocity of this crime, duty will say to you, you had a chance to help prevent these things. Nay, when you come to the close of your life, duty will hold before you that dreadful picture, and will speak to you through the lips all bleeding and silent, 'Why did you say that I could be killed in my own house, doing my duty, doing no wrong, and my crime not be avenged?'"

The jury were duly and properly instructed as to the several degrees of murder, and were further instructed that upon the case as made by the Commonwealth they could not convict the defendant of murder in the first degree except upon proof of deliberately premeditated malice aforethought, and could not convict the defendant of murder in the first degree upon the ground that the murder was committed under circumstances of extreme atrocity and cruelty. No exception was taken to any part of the instructions of the court, nor any objection to the argument.

The jury returned a verdict of guilty of murder in the first degree; and the defendant alleged exceptions.

*E. L. Barney & L. LeB. Holmes*, for the defendant.

*H. M. Knowlton*, Attorney General, (*G. C. Travis*, First Assistant Attorney General, with him,) for the Commonwealth.

KNOWLTON, J.    The defendant contends that this bill of exceptions is not properly before the court, and that therefore it cannot now be considered.    The St. 1892, c. 127, is as follows : " The Supreme Judicial Court, sitting as a full court in any county or for the Commonwealth, shall have jurisdiction of all questions of law and of all cases and matters at law or in equity, civil or criminal, arising in any other county than that in or for which it is sitting, and which might properly come before and be heard and determined by the full court sitting for such other county ; and, upon an application of one or more of the parties, a majority of the justices of said court shall, in their discretion, have power to order any such questions of law, or case, or matter to be entered and heard by the full court sitting in any county or at Boston for the Commonwealth."    Before the enactment of this statute questions of law arising in other counties where the full court is accustomed to sit might sometimes be heard before that court sitting in Suffolk.    Under Pub. Sts. c. 153, § 16, such a hearing may be had by consent of all parties filed in the case, or by order of the judge before whom the trial was had, if he " deems the exception or appeal frivolous, or intended for delay merely, or that the interests of the parties or the public require a more speedy determination thereof than can be reached in the terms established for the county in which the trial is had," etc. Under St. 1891, c. 379, § 2, and under the amendatory statute of 1894, c. 204, exceptions arising on the trial of an indictment for a capital crime may be " entered and determined either at the law sitting of the Supreme Judicial Court held for the county in which they arise, or, upon the order of the justices before whom the trial is had, at the law sitting of the Supreme Judicial Court for the Commonwealth."    The defendant's counsel argued that this last provision is exclusive, and that St. 1892, c. 127, is not applicable to exceptions arising in a capital case. But we do not so understand the law.    This last mentioned statute was intended to give to the full court, upon application of a party, full power to determine the place of hearing questions of law in any case, and it does not take away the jurisdiction of the justices before whom the trial is had to make such prior orders as are authorized by Pub. Sts. c. 153, § 16, or by St. 1891, c. 379.

It is also urged in behalf of the defendant that the jurisdiction under St. 1892, c. 127, does not arise until after the questions of law have been formally entered in the full court for the county where the trial was had, or in the full court for the Commonwealth, if the justices before whom the trial was had have made an order for an entry there. But the language is broad enough to give jurisdiction as soon as questions have been put in form for hearing, so that nothing remains to be done but to make the formal entry of them in the full court which the law directs the clerk to make " as soon as may be." Pub. Sts. c. 153, § 15. There seems to be no good reason why they should first be entered in the county where the trial is had, and then transferred to Suffolk or some other county. We think the jurisdiction of the court attaches to make an order in regard to the entry as soon as the questions are ripe for entry, and that it i immaterial whether the application to the full court is made before or after the entry which the law requires when there is no application.

The form of the order in the present case is sufficient. The words " assigned and heard by the full court sitting at Boston " are equivalent to " entered and heard by the full court " sitting in Boston.*

The defendant filed a motion to quash the indictment, which was overruled. Of the causes on which the motion was founded the fourth was waived at the argument, and the others are as follows : 1. Because the indictment contains no sufficient allegation or description how the defendant held the knife. 2. Because the mortal wound is not sufficiently described. 3. Because

---

* The exceptions were allowed by the justices of the Superior Court and filed in the Superior Court for Bristol County, April 30, 1894. May 5, 1894, an order was passed, and thereupon sent to the clerk at Taunton, as follows : " Supreme Judicial Court. Bristol ss. Commonwealth by Indictment *vs.* Daniel M. Robertson. Order. Whereas, on the fourth day of May, A. D. 1894, application was made to the Supreme Judicial Court, sitting as a full court in the County of Suffolk for the Commonwealth of Massachusetts, by the Attorney General, praying that the exceptions in said case be *assigned* and heard by the full court sitting at Boston for the Commonwealth; upon which application the parties have been heard by the full court. It is Ordered, that the questions of law arising upon the exceptions in said case be *assigned* and heard by the full court sitting at Boston for the Commonwealth, on the eighteenth day of June, A. D. 1894, at nine and one half o'clock in the forenoon. W. A. Field, C. J. S. J. C. May 5, 1894."

there is no allegation or description in the indictment upon what part of the head the mortal wound was inflicted. 5. Because the time of death is not alleged, whether instantaneous or not.

1. It is not necessary that the indictment should state in what way nor in which hand the knife was held. This was settled in *Commonwealth* v. *Costley*, 118 Mass. 1, 21.

2. We are of opinion that the indictment need not contain a particular description of the wound; it is enough to allege that it was mortal. In *Commonwealth* v. *Woodward*, 102 Mass. 155, which was an indictment for manslaughter, this subject was fully considered, and it was held that there is no good reason for requiring a description of an incised wound, any more than of a bruise; and it was said that if the authorities would support the position that a description of an incised wound is necessary, " the tendency of modern jurisprudence and legislation is such as to justify, if not to require, a departure from the old rule of pleading, in a matter which is, practically, so nearly one of mere form." The doctrine of this case meets our approval.

3. What we have said in regard to the second objection to the indictment applies also to the third. The allegation that the wound was upon the head of the deceased is sufficient, without a more definite statement of the place. Such an allegation, if made specific, need not be exactly proved. *Commonwealth* v. *Coy*, 157 Mass. 200, 214, and cases cited. The provisions of Article XII. of the Declaration of Rights, which secure to the accused person the right to have his crime or offence " fully and plainly, substantially and formally, described to him," only require such particularity of allegation as may be of service to him in enabling him to understand the charge and to prepare his defence.

4. It is objected that the time of the death is not stated with sufficient accuracy. The day of the assault is given, viz. September 9, 1893; the assault, resulting in a mortal wound, is described; and then follow the words " of which said mortal wound the said Mary Robertson then and there died." It is contended that, instead of the words " then and there," the word " instantly " should have been used. There can be no doubt that the words " then and there " relate to the time previously stated in the indictment as the time of the assault, and we are of

opinion that they sufficiently state the time of the death. The important fact which must appear in the indictment is that the death occurred within a year and a day after the assault which caused it. Any more particular statement of the time must be regarded as an immaterial allegation which need not be proved as made. The form of the indictment in this particular is that of the fourth count, which was approved in *Commonwealth* v. *Webster*, 5 Cush. 295, 322, and of the third count in *Commonwealth* v. *Coy*, 157 Mass. 200, 203, and of both counts in *Commonwealth* v. *Holmes*, 157 Mass. 233. See also *State* v. *Haney*, 67 N. C. 467.

5. The photographs were properly admitted. They were taken only three hours after the homicide, showing the condition of the premises at the time of the discovery of the crime, and they were verified to the satisfaction of the court. They would naturally be expected to assist the jury in understanding the situation of affairs at the time and place of the commission of the homicide. *Blair* v. *Pelham*, 118 Mass. 420. *Randall* v. *Chase*, 133 Mass. 210. The fact that the defendant did not deny the killing does not affect the competency of the evidence. The plea was not guilty, and it does not appear that there was any admission until after the Commonwealth had introduced its evidence ; but if the admission was made at the outset, the Commonwealth was not bound to accept it and omit the formal proof of that part of its case. It was entitled to present the issue to the jury with all the evidence legitimately bearing upon it.

*Exceptions overruled.*