STATE OF INDIANA v. DAILEY ET AL.

[No. 23,911.   Filed March 17, 1922.]

1. CRIMINAL LAW.—*Crimes.—Definition. and Punishment.—Statutes.*—Section 237 Burns 1914, §237 R. S. 1881, providing that crimes and misdemeanors shall be defined, and punishment fixed by statute, is an exception engrafted upon the act (§236 Burns 1914, §236 R. S. 1881) adopting the common law, and supports the ruling, that there are no common-law crimes punishable as such. p. 680.

2. CRIMINAL LAW.—*Murder.—Statutory Offense.—Identical with Common-Law Crime.*—The word "murder" had a definite and

well-defined meaning before the enactment of the statute (§2235 Burns 1914, Acts 1905 p. 584, §347) defining that offense, so that it follows that the offense designated as murder under the common law is such under the statute. p. 680.

3. CRIMINAL LAW.—*Murder.*—*Elements.*—*Time between Assault and Death.*—There being no statute in contravention of the common-law rule that a party must die within a year and a day after the wound is inflicted to make the crime either murder or manslaughter, the legislature, in view of its silence on the subject, will be deemed to have intended that the common-law rule should govern. p. 680.

From Clark Circuit Court; *James W. Fortune,* Judge.

Prosecution by the State of Indiana against William Dailey and another. From an order sustaining a motion to quash the indictment, the state appeals. *Affirmed.*

*U. S. Lesh,* Attorney-General, for the state.

*Charles D. Kelso* and *Warren B. Allison,* for appellees.

MYERS, J.—Appellees, by indictment duly returned in the Clark Circuit Court, were charged with the crime of murder. §2235 Burns 1914, Acts 1905 p. 584, §347. A separate and several motion by each appellee to quash the indictment was sustained and judgment of release followed. The state appealed, and has assigned as error the action of the court in quashing the indictment as to each appellee.

The indictment in substance charged that appellee Gaunt, on November 18, 1917, did unlawfully, feloniously, purposely and with premeditated malice strike Charles Orem with a dangerous and deadly weapon, thereby inflicting a mortal wound from which mortal wound so inflicted Charles Orem, on January 21, 1919, died, and that appellee, William Dailey, before the commission of the felony aforesaid, counseled, encouraged, hired and commanded Gaunt to commit the felony.

The indictment on its face shows that the death of

Orem occurred more than a year and two months after the wound was inflicted. The sole question pre-

**1.** sented by this appeal is, Must death result within a year and a day from the time the wound was given? On this particular question we have no statute. While a prosecution for murder is not barred by any limitation, yet that is not the question here presented. The legislature has enacted that "Crimes and misdemeanors shall be defined, and punishment therefor fixed by statutes of this state and not otherwise." §237 Burns 1914, §237 R. S. 1881. This enactment has been in force since 1852, and is an exception engrafted upon the act adopting the common law. Thus rests the support for the ruling that no common law crimes punishable as such exist in this state. *Ledgerwood* v. *State* (1893), 134 Ind. 81, 33 N. E. 631; *State* v. *Terre Haute Brewing Co.* (1917), 186 Ind. 248, 115 N. E. 772; *McDaniels* v. *State* (1916), 185 Ind. 245, 113 N. E. 1004; *Woodsmall* v. *State* (1914), 181 Ind. 613, 105 N. E. 155; *Hinshaw* v. *State* (1919), 188 Ind. 147, 122 N. E. 418, although by §236 Burns 1914, §236 R. S. 1881, "The common law, together with acts passed by the British parliament in aid thereof, prior to the fourth year of the reign of James I is, by adoption, in force, and prevails in this State so far as applicable, and when not inconsistent with our fundamental laws, state or federal, and not inconsistent with the acts of our own legislature or statutes enacted by congress." *Sopher* v. *State* (1907), 169 Ind. 177, 182, 81 N. E. 913, 14 L. R. A. (N. S.) 172.

In the instant case the crime is designated murder and punishment therefor is fixed. §2235 Burns 1914, *supra*. The word "murder" had a definite and

**2, 3.** well-defined meaning in law long before this statute was enacted. Consequently it logically follows that the offense designated as murder at common law is such under our statute. In *Louisville, etc.,*

*R. Co.* v. *Clarke* (1894), 152 U. S. 230, 14 Sup. Ct. 579, 38 L. Ed. 422, the court had under consideration a statute of this state authorizing the personal representative of one whose death was caused by the wrongful act or omission of another to maintain an action for damages against the one so causing the death if commenced within two years. §285 Burns 1914, Acts 1899 p. 405, §8. In that case, counsel for plaintiff in error insisted that §285, *supra,* should be construed as giving the right of action to such representative in case his decedent died from the effects of the wound so received by him within a year and a day thereafter, for the reason that the "law does not look upon such a wound as the cause of a man's death, after which he lives so long." The court did not agree with this contention. It held, as did this court, that §285, *supra,* created a new cause of action and was in derogation of the common law and allowed two years after such death within which to commence it. In that case the court observed: "In cases of murder the rule at common law undoubtedly was that no person should be adjudged 'by any act whatever to kill another who does not die by it within a year and a day thereafter; in computation whereof the whole day on which the hurt was done shall be reckoned first.' Hawkins' Pleas of the Crown, Bk. 1, c. 13; Id. Bk. 2, c. 23, §88; 4 Bl. Com. 197, 306. The reason assigned for that rule was that if the person alleged to have been murdered 'die after that time, it cannot be discerned, as the law presumes, whether he died of the stroke or poison, etc., or a natural death; and in case of life, a rule of law ought to be certain.' 3 Inst. 53. And such is the rule in this country in prosecutions for murder, except in jurisdictions where it may be otherwise prescribed by statute. Whartons, Amer. Cr. L. §1073; *State* v. *Orrell,* 1 Devereux Law (N. C.) 125."

In this state we have no statute in contravention of

the common-law rule that a party must die within a year and a day after the wound is inflicted in order to make the killing either murder or manslaughter. Therefore, if by analogy we may reason from the rule that where a statute creates a crime by name without defining it, the court may do so by the aid of common law definitions, *State* v. *Patton* (1902), 159 Ind. 248, 251, 64 N. E. 850; *Hopewell* v. *State* (1899), 22 Ind. App. 489, 492, 54 N. E. 127, then we might as readily say that the legislature, by its silence on the subject of time between the giving of the wound and the death, intended that the common-law rule of a year and a day should govern, and we so hold. *Epps* v. *State* (1885), 102 Ind. 539, 1 N. E. 491; Moore, Criminal Law (2d ed.) 323; Gillett, Criminal Law §510.

Other jurisdictions having statutes creating and defining the crime of m irder very similar to ours and no statute on the question now under consideration, have with one accord held that time is as essential now as at common law, because to sustain the charge it is necessary that it appear that the death occurred within a year and a day of the infliction of the alleged mortal wound. *State* v. *Mayfield* (1877), 66 Mo. 125; *State* v. *Testerman* (1878), 68 Mo. 408; *State* v. *Sides* (1877), 64 Mo. 383; *Edmondson* v. *State* (1874), 41 Tex. 496, 498; *Hardin* v. *State* (1878), 4 Tex. App. 355, 370; *Commonwealth* v. *Parker* (1824), 2 Pick. 550; *Commonwealth* v. *Robertson* (1894), 162 Mass. 90, 38 N. E. 25; *Percer* v. *State* (1907), 118 Tenn. 765, 777, 103 S W. 780; *State* v. *Bantley* (1877), 44 Conn. 537, 26 Am. Rep. 486; *State* v. *Orrell* (1826), 12 N. C. 139; *Brassfield* v. *State* (1892), 55 Ark. 556, 18 S. W. 1040; 21 Cyc 702; 13 R. C. L. 747, §52.

Judgment affirmed.