199 So. 661

## STATE v. MOORE.

No. 35998.

Dec. 2, 1940.

Rehearing Denied Jan. 6, 1941.

Eugene Stanley, J. Bernard Cocke, and William F. Scheyd, Jr., all of New Orleans, for the State.

G. Wray Gill, Warren M. Simon, Bentley G. Byrnes, and Alvin J. Liska, all of New Orleans, for appellee.

FOURNET, Justice.

The defendant, having been charged with the crime of murder, filed a motion to quash the indictment on the ground that more than a year and a day elapsed from the date of the alleged shooting and the death of the victim. From the ruling of the trial judge sustaining the motion to quash, the state has appealed.

The prosecuting attorney on the trial of the motion admitted that Sidney Alexis, the party whom the defendant is accused of murdering, died in May of 1940, more than a year and a day after the defendant is alleged to have shot him—June 22, 1938.

█ It is elementary that the only crimes known to our law are statutory. A review of our statutory law and the jurisprudence thereunder reveals that this state in its early history, by the adoption of the "Crimes Act" of 1805 denounced murder as a crime, without defining the same, and fixed the penalty therefor. However, Section 33 of the act provides that "All the crimes, offences and misdemeanors herein before named, shall be taken, intended and construed, according to and in conformity with the common law of England; and the forms of indictment, (divested however of unnecessary prolixity) the method of trial; the rules of evidence, and all other proceedings whatsoever in the prosecution of the said crimes, offences and misdemeanors, changing what ought to be changed, shall be, except as is by this act otherwise provided for, according to the said common law." This provision (Section 33) has been retained on our statute books to this day. See Section 976, Revised Statutes of 1870 and Article 600 of the Code of Criminal Procedure, adopted in 1928. It necessarily follows that for a definition of the crime of murder we must resort to the common law. State v. Kennedy, 8 Rob. 590; State v. Mullen, 14 La.Ann. 570; State v. Smith, 30 La.Ann. 846; State v. Robinson, 143 La. 543, 78 So. 933; State v. Rodosta, 173 La. 623, 138 So. 124; 14 American Jurisprudence 764, § 14; 12 Corpus Juris 195, § 25; 22 Corpus Juris Secundum, Criminal Law, § 21, p. 69; Marr's Criminal Jurisprudence of Louisiana, 2d Ed., 35, Section 11; 5 R.C.L. 819, Section 11. See, also, the annotations at 22 L.R.A. 501.

█ "At common law if more than a year and a day intervene between the injury and the death of the victim, the injury is not legally deemed the cause of the

death, and the person who inflicted it is not criminally responsible for the homicide. * * *" 29 Corpus Juris 1083, § 58. See, also, 4 Blackstone Commentators 197; Halsbury's Laws of England, Vol. IX, p. 571, Section 1157; 3 Co.Inst. 53, 1 Hawk. P.C.C. 1359, 1 East P.C. 343; 1 Hawkin's Pleas of the Crown, Chapter 31, Section 9; Vol. III of Lord Coke's First Institute of the Laws of England, p. 432, Note (s); Clark and Marshall's Treatise on the Law of Crimes, 3d Ed., p. 285, paragraph 238 b; Miller's Handbook of Criminal Law, p. 254; and 1 Wharton's Criminal Law, 11th Ed., 629, Sections 436, 670. This rule obtains generally throughout the United States unless otherwise provided for by statute and where there is a statute creating a crime without defining it, "the court may do so by the aid of common-law definitions * * *." State v. Dailey, 191 Ind. 678, 134 N.E. 481, 482, 20 A.L.R. 1004. See, also, Bishop's Commentaries on Criminal Law, 7th Ed., p. 857, paragraph 640; Clark on Criminal Law, 3d Ed., p. 171; and 26 American Jurisprudence 190, Section 46.

In the case of State v. Kennedy, 8 Rob. 590, the defendant claimed that the indictment was fatally defective in that it failed to allege the victim died within a year and a day after the infliction of the mortal injury, and in disposing of this issue the court said:

"*Whatever has been determined to be an essential averment in an indictment at common law, will be deemed necessary here, unless a statute of the State has removed the reason, and with it the necessity for the allegation.* At common law * * * the averment, with certainty, of time and place of the death have been held to be indispensable in indictments for murder, and for sufficient reasons. These reasons have not been removed by our statutes, but exist here in full force; for *it is equally true here, as in England, that the death must have occurred within a year and a day from the time when the blow was given, to constitute murder * * *.*" (Italics ours.)

But it is the state's contention that, since under both our later jurisprudence and the Code of Criminal Procedure the indictment need not allege the victim died within a year and a day after receiving the fatal injury, this rule of law is procedural and not substantive for all elements of the crime must, as a general rule, be set forth in the indictment or information and proved.

Counsel for the state is mistaken about this contention, for the holding in the Kennedy case that it was necessary to allege in every indictment for murder that the victim died within a year and a day after the infliction of the mortal injury continued in effect until the legislature, by its adoption of Section 1048 of the Revised Statutes of 1870, provided for an additional and shorter form for the murder indictment, but did not thereby change the law making the crime of murder in this state the same as known to the common law. See State v. Robinson, 143 La. 543, 78 So. 933, 934.

In disposing of the Robinson case this court said: "*Murder being the same under our law as at common law*, there could be no reason why an indictment which would have adequately charged the crime at common law should not be sufficient under our

law. A form of indictment that has stood the acid test at common law should stand it under our law; *the crime being exactly the same under the two systems. This court has never held differently. What it has held is that the short form of indictment for murder which is provided for in section 1048, Rev.Stat., must be strictly adhered to, if used. Not that it must be used, but that if used it must be strictly adhered to \* \* \*."* (Italics ours.)

 The legislature, by its adoption of the Code of Criminal Procedure in 1928, did not change the substantive law of this state. State v. Rodosta, 173 La. 623, 138 So. 124. But it did provide for a shorter form for indictments in cases of murder. See Articles 235 and 248, and State v. Pinsonat, 188 La. 334, 177 So. 67. Article 235 also provides that *"any other forms authorized by this or any other law of this State may also be used."* (Italics ours.)

Thus it may be seen that in drawing up indictments for murder in this state any one of the three forms may be used— the common-law form, the form provided under Section 1048 of the Revised Statutes of 1870, or the form provided for in the Code of Criminal Procedure. But this does not do away with the elements which make up the crime of murder, and which must be proved. For instance, can it be said that the use of the form provided for in the Code of Criminal Procedure, i. e., "A. B. murdered C. D.," does away with the necessity of proving the element of malice aforethought? The answer is no. Nor can it be said that the use of this same form does away with the necessity of proving that the victim died within a year and a day from the time the alleged fatal injury was inflicted. In fact, if the death occurred more than a year and a day from the time of the injury the person who inflicted it is not criminally responsible for the homicide, and one so charged may, on a motion to quash, show that fact and thus avoid a trial of the case.

A mere reading of the cases cited by the state in support of its contention discloses that the common-law definition of murder in the states affected was abrogated by special statute, and, consequently, they are not apposite to the views hereinabove expressed.

For the reasons assigned, the judgment appealed from is affirmed.