WATSON, Justice.*
The double jeopardy issue presented is whether the State’s prosecution for negligent homicide is barred by the fact that defendant pleaded guilty in municipal court to negligent injury and careless operation of a motor vehicle.
Defendant, Ray J. Borne, was involved in an automobile accident on May 21, 1978, in which his three year old daughter, Kimberly, was seriously injured. He was charged by the Kenner City Police with negligent injuring, careless operation of a motor vehicle and driving while intoxicated. Kimberly died on June 12,1978.[1] On June 20,1978, defendant entered into a plea bargain with the City of Kenner in which he pleaded guilty to negligent injuring and careless operation of a motor vehicle. The charge of driving while intoxicated was dismissed.
On September 14, 1978, a bill of information was filed by the District Attorney of Jefferson Parish charging defendant with negligent homicide in violation of LSA-R.S. 14:32. Defendant sought dismissal of the *161 charge on the ground of double jeopardy. The motion was denied and a writ was granted to review the ruling.
Prosecution by a municipality bars a subsequent prosecution for the same act by a State. Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970); State v. Smith, 323 So.2d 797 (La., 1975); State v. Solomon, 379 So.2d 1078 (La., 1980). Therefore, it is immaterial that the guilty plea was entered in Kenner City Court and the bill of information for negligent homicide was filed on behalf of the State of Louisiana.
No person shall twice be placed in jeopardy of life or liberty for the same offense. United States Constitution, Amendment 5; Louisiana Constitution of 1974, Article 1, § 15.
LSA-C.Cr.P. art. 596 provides:
“Double jeopardy exists in a second trial only when the charge in that trial is: “(1) Identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial; or
“(2) Based on a part of a continuous offense for which offense the defendant was in jeopardy in the first trial:”
In determining whether prosecution on a second charge places a defendant in double jeopardy, Louisiana uses the “same evidence” test. State v. Nichols, 337 So.2d 1074 (La., 1976); State ex rel. Wikberg v. Henderson, 292 So.2d 505 (La., 1974). If the proof required for conviction of one crime would also have supported conviction of the other, the two are different grades of the same offense, and a defendant can be placed in jeopardy for only one. State v. Doughty, 379 So.2d 1088 (La., 1980).
“Negligent homicide is the killing of a human being by criminal negligence.” LSA-R.S. 14:32. The Kenner City Code defines negligent injuring in Section 7-38 as “. . . the inflicting of any injury upon the person of another by criminal negligence.” The elements of both crimes are: (1) criminal negligence; and, (2) injury to a human being. The only distinction between the two is that negligent homicide also requires that the injury result in death. At the time of defendant Borne’s plea bargain, the fatal result of his criminal negligence was known. A governmental entity elected to charge him with the lesser crime of negligent injuring. The same evidence available for that conviction would be used to establish his guilt on the charge of negligent homicide. Therefore, defendant cannot be prosecuted for negligent homicide, because it would put him twice in jeopardy for the same conduct. State v. Bonfanti, 262 La. 153, 262 So.2d 504 (1972).
For the foregoing reasons, the judgment of the trial court herein is reversed. Defendant Borne’s motion to quash the bill of information charging him with negligent homicide is sustained, and the charge against him is dismissed.
REVERSED AND RENDERED.
DENNIS, J., concurs with reasons.
MARCUS, J., concurs and assigns reasons.

 Chief Judge PAUL B. LANDRY, Jr., participated in this decision as Associate Justice ad hoc, in place of SUMMERS, C. J.

. The date of death is not in the record, but the State’s original brief admits that it occurred on June 12.