ROSEMARY LEDET, Judge.
hln this criminal appeal, the State of Louisiana appeals the district court’s ruling granting the defendant’s motion to quash. For the reasons that follow, we reverse and remand.

STATEMENT OF THE FACTS AND THE CASE

The facts pertinent to the present appeal are not in dispute. On October 15, 2015, Kenneth Fortenberry was indicted for the December 18, 2011, second degree murder of Erica Reed. Ms. Reed initially survived the shooting, and Mr. Fortenber-ry was charged in the case.
*787 On August 29, 2013, Mr. Fortenberry-pleaded guilty to two counts of aggravated battery for the shooting of Ms. Reed and an unknown male. On that same date, he also pleaded guilty to one count of second degree feticide. Mr. Fortenberry was sentenced to twelve months at hard labor for the three convictions.
On April 5, 2015, Ms. Reed died. On May 28, 2015, the Orleans Parish Coroner classified Ms. Reed’s death as a homicide due to complications from the 1 ¡¡December 18, 2011, gunshot wound she sustained. Mr. Fortenberry was then indicted for the second degree murder of Ms. Reed, a violation of La. R.S. 14:30.1.
Mr. Fortenberry pleaded not guilty at his November 6, 2015, arraignment. On that same date, Mr. Fortenberry filed a motion to quash the indictment based on double jeopardy. Following the December 4, 2015 hearing, the district court granted Mr. Fortenberry’s motion to quash. This appeal by the State followed.

DISCUSSION

The State’s sole assignment of error is that the district court erred in granting Mr. Fortenberry’s motion to quash on the ground of double jeopardy.
Both the Fifth Amendment of the United States Constitution and Article I, § 15. of the Louisiana Constitution guarantee that no person shall be twice placed in jeopardy for the same offense. See also La. C.Cr.P. art. 591.[1] The requirements for'double jeopardy are set forth in La. G.Cr.P. art. 596, which provides as follows:
Double jeopardy exists in a second trial only when the charge in that trial is:
(1) Identical with or a different grade .of the same offense for which the defendant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial; or
(2) Based on a part of a continuous offense for which offense the defendant was in jeopardy in the first trial.
I ¡/Louisiana courts apply two distinct tests to determine whether offenses are the same for purposes of double jeopardy — the Blockburger test[2] and the “same evidence” test.
This court recently explained the two tests as follows:
Under the Blockburger test, “where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two different offenses or only one, is whether each provision requires proof of an additional, fact which the other does not.” [State v.] Gibson, 03-0647, p. 9 [(La.App. 4 Cir. 2/4/04) ], 867 So.2d [793,] 799; State v. Smith, 95-0061, p. 4 (La.7/2/96), 676 So.2d 1068, 1069. Under the same evidence test, if the evidence required to support a finding of guilt of one offense would also have supported conviction of the other, the two offenses are the same under a plea of double jeopardy, and a defendant can be placed in jeopardy for only one. Smith, 95-0061, p. 4, 676 So.2d at 1069-1070; State v. Steele, 387 *788 So.2d 1175, 1177 (La.1980). The same evidence test depends on the evidence necessary for a conviction, not all of the evidence introduced at trial. Id.
State v. Parker, 15-1013 (La.App. 4 Cir. 6/22/16), 195 So.3d 1242 (quoting State v. German, 12-1293, p. 28 (La.App. 4 Cir. 1/22/14), 133 So.3d 179, 198-99).[3]
At the hearing on the motion to quash, defense counsel conceded that the prosecution of Mr. Fortenberry for. second degree murder was not barred by double | Jeopardy under the Blockburger test, but he argued that it was barred under the “same evidence” test.
On appeal, the State, however, contends that' the Double Jeopardy Clause does not prohibit the prosecution of a defendant previously convicted of aggravated battery for the second degree murder of the same victim after the victim has died. State v. Poland, 255 La. 746, 232 So.2d 499 (1970), vacated on other grounds, 408 U.S. 936, 92 S.Ct. 2862, 33 L.Ed.2d 754 (1972) (“Judgment vacated, insofar as it leaves undisturbed the death penalty imposed, .,. remanded ... for further proceedings.”), on remand, 263 La. 269, 268 So.2d 221 (1972),[4] In Poland, the Louisiana Supreme Court stated as follows:
[I]f, after the first prosecution, a new fact supervenes for which the defendant is responsible, and which changes the character of the offense and, together with the facts- existing at the time, constitutes a new -and distinct crime, an acquittal or conviction of the first offense is not a bar to an indictment for the other distinct crime. Thus, [n]either an acquittal nor a conviction for assault while the person assaulted is still living will bar a prosecution, for murder or ’ manslaughter instituted after the person assaulted dies on account of the injuries . received; and the trial for murder does not place the defendant twice in jeopardy-
255 La. at 752, 232 So.2d at 501 (internal citations omitted); see also State v. Wheeler, 173 La. 753, 759, 138 So. 656, 658 (1931) (noting that “neither an acquittal nor a conviction of ‘Shooting with intent to murder’ is a bar to a prosecution for murder upon the death of the injured person.”); State v. Borne, 382 So.2d 160, 161 (1980) (Marcus, J., concurring) (stating that “had defendant been convicted of negligent injuring prior to his victim’s death, that conviction would not bar a subsequent prosecution for negligent homicide.”).
On appeal, Mr. Fortenberry claims that, even though his trial counsel argued at the hearing on the motion to quash that Poland was distinguishable, he was unable to *789 advance a good-faith argument on appeal for challenging Poland ⅛ current viability or its application to the present case. He concedes that Poland is authority for holding, in the present case, that'double jeopardy does not bar the State from prosecuting him for the second degree murder of Ms. Reed.
In his brief, Mr. Fortenberry, however, urges that the granting of his motion to quash should be affirmed on' an alternate ground — that the' indictment fails to charge an offense that is púnishable under a valid statute. Specifically, he contends that the indictment violates the common law “year and a day” rule. This rulé is that a person is not 'criminally responsible for a homicide “if more than a year and a day intervene between the injury and the death of the victim.” State v. Moore, 196 La. 617, 620-21, 199 So. 661, 662 (1940). Since Ms. Reed died more than three years after being shot, Mr. Fortenberry contends that the district court properly granted his motion to quash.
The State counters that Mr. For-tenberry improperly raised this issue for the first time on appeal. According to La. C.Cr.P. art. 586, a motion to quash must be in writing and specify the grounds upon which it is básed. The grounds for a motion to 'quash are waived unless a motion to quash is filed in conformity with Iflthese provisions. La. C.Cr.P. art. 585(D). A new basis for a motion to quash cannot be raised for the first time on appeal. See State v, Pete, 12-0378, p. 7 (La.App. 4 Cir. 3/20/13), 112 So.3d 353, 358 (holding that “[a]s per La. C.Cr.P. art. 536, this Court cannot hear any ground for reversal not stated in the original motion to quash.”).
As the State points out, Mr. Fortenber-ry did not raise the “year and a day” argument in writing in his motion to quash. In his supplemental brief, Mr. Fortenberry concedes that the “year and a day” rule was not raised in his motion to quash nor was it considered by the district court, and thus, it cannot be considered by this court. At the hearing on the motion to quash, however, Mr. Fortenberry’s counsel stated “[n]ow, you know, many states have this year and a day rule, which as far as I’m aware doesn’t exist in Louisiana.” Mr. Fortenberry’s appellate counsel contends on appeal that the “year and a day” rule remains in effect in Louisiana and thereby precludes prosecution for the second degree murder of Ms. Reed. His counsel concedes that the “year and a day” rule was written into the statutory definition of homicide" and was later deleted from the statute.' • His counsel, however, argues that the holding in Moore has not been abrogated by the courts or the legislature; thus, it remains in effect. We disagree:
The “year and a day” rule was enacted by the Louisiana Legislature in Article 29 of the Louisiana Criminal Code. See Acts 1942, No. 43, § 1. The second paragraph of Article 29 stated that “[n]o liability for criminal homicide shall attach unless the injured party dies within a year after the injury is inflicted.”). See generally State v. Stanford, 204 La. 439, 442, 15 So.2d 817, 818 (1943). In 1978, the “year and a day” rule was deleted from the statute. See Acts 1978, No. 393, § 1. The 1950 comment to La. R.S. 14:29 states as follows:
“Year and a day” rule expressly retained:
In State v. Kennedy, 8 Rob. 590 (1845) and State v. Moore, 196 La. 617, 190 So. 661 (1940), the Louisiana courts applied the familiar common law rule that a killing does not constitute the crime of , murder if more than a year and a day, intervene between the injury and the death of the victim. -This rule is substantially restated in the second para *790 graph of Article 29 [R.S. 14:29; but see now, note relating to 1978 amendment of this section].
The basis of the Louisiana Supreme Court’s decision in Moore was the absence of a statutory definition of the offense of murder. The Supreme Court noted as follows:
A review of our statutory law and the jurisprudence thereunder reveals that this state in its early history, by the adoption of the ‘Crimes Act’ of 1805 denounced murder as a crime, without defining the same, and fixed the penalty therefor. However, Section 83 of the act provides that ‘All the crimes, of-fences and misdemeanors herein before named, shall be taken, intended and construed, according to and in conformity with the common law of England; and the forms of indictment, (divested however of unnecessary prolixity) the method of trial; the rules of evidence, and all other proceedings whatsoever in the prosecution of the said crimes, offences and misdemeanors, changing what ought to be changed, shall be, except as is by .this act otherwise provided for, according to the said common law.’ This provision (Section 38) has been retained on our statute books to this day.
Moore, 196 La. at 619-20, 199 So. at 662 (internal citations omitted). Given the absence of a definition of the crime of murder, the Supreme Court found that it “must resort to the common law.” Moore, 196 La. at 620, 199 So. at 662 (internal citations omitted). The Supreme Court recognized that the “year and a day” rule applies “generally throughout the United States unless otherwise provided for by IsStatute and where thei’e is a statute creating a crime without defining it, ‘the court may do so by the aid of common-law definitions.” Moore, 196 La. at 621, 199 So. at 662 (quoting State v. Dailey, 191 Ind. 678, 134 N.E. 481, 482, 20 A.L.R. 1004).
After the Moore decision, the Louisiana Legislature amended the statutory definitions of homicide and murder. See La. R.S. 14:29, et seq. Although the 1950 comment to La. R.S. 14:29 clearly states that it “expressly retained” the common law “year and a day” rule, the rule was subsequently deleted from the statute in 1978.[5] Thus, the subsequent revisions to Louisi *791 ana’s statutory criminal law abrogated the “year and a day” rule.
Accordingly, we find the district court erred in granting Mr. Fortenberry’s motion to quash.

DECREE

|nFor the foregoing reasons, the district court’s ruling granting the defendant’s motion to quash is reversed, and this matter is remanded.
REVERSED AND REMANDED

. La. C.Cr.P. art. 591 provides as follows:
No person shall be twice put in jeopardy of life or liberty for the same offense, except, when on his own motion, a new trial has been granted or judgment has been arrested, or where there has been a mistrial legally ordered under the provisions of Article 775 or ordered with the express consent of the defendant.

. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed.2d 306 (1932).

. The Louisiana Supreme Court recognizes that the "somewhat broader, 'same evidence’ test considers not only the material elements of each offense but also whether the evidence required to convict of one crime would also support conviction of the other, focusing 'on the evidence necessary for conviction, not all the evidence introduced at trial. State v. Murray, 00-1258, p. 3 (La.9/18/01), 799 So.2d 453, 455, amended on reh'g (Oct, 26, 2001) (quoting State v. Steele, 387 So,2d 1175, 1177 (La.1980)). "The test precludes the state from 'relabeling the offense to charge defendant a second time with the same criminal conduct.’ " Id. (quoting Steele, 387 So.2d at 1178).

, In the original decision in Poland, the defendant appealed his conviction and death sentence arguing that the trial court erred in overruling his plea of double jeopardy. The defendant had pleaded guilty .on May 6, 1966, to 'attempted murder. On June 15, 1966, following the death of the victim, the defendant was indicted for murder. The Louisiana Supreme Court rejected the defendant’s argument on appeal that double jeopardy barred his retrial and conviction for the murder of the victim, Poland, 255 La. at 751, 232 So.2d at 501.

. The United States Supreme Court recognized that the “year and a day” ruled has been legislatively or judicially abolished in the vast majority of jurisdictions. Rogers v. Tennessee, 532 U.S. 451, 463, 121 S.Ct. 1693, 1701, 149 L.Ed.2d 697 (2001). The Supreme Court further noted as follows:
The year and a day rule is widely viewed as an outdated relic of'the common law. Petitioner does not even so much as hint that good reasons exist for retaining the rule, and so we need not delve too deeply into the rule and its history here. Suffice it to say that the rule is generally believed to date back to the 13 th century, when it served as a statute of limitations 'governing the time in which an individual might initiate a private action for murder known as an "appeal of death”; that by the 18th century the rule had been extended to the law governing public prosecutions for murder; that the primary and most frequently cited justification for the rule is that 13th century medical science was incapable of establishing causation beyond a reasonable doubt when a great deal of time had elapsed between the injury to the victim and his death; and that, as practically every court recently to have considered the rule has noted, advances in medical and related science have so undermined the usefulness of the rule as to render it without question obsolete.
Rogers, 532 U.S. at 462-63, 121 S.Ct. at 1701 (internal citation omitted). See also Jones v. Dugger, 518 So.2d 295, 297 (Fla.Dist.Ct.App.1987) (per curiam) (noting that the " year and a day’ rule has, in this age of advancing medical technology, lost any relevance that it once might have enjoyed, and thus should be abolished.”).